# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**ANTONIO LEE O'BANNON**                                              **PLAINTIFF**

v.                                              **CIVIL ACTION NO. 3:23-CV-P436-JHM**

**K.C.P.C. et al.**                                                  **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Antonio Lee O'Bannon, proceeding *pro se* and *in forma pauperis*, initiated this *pro se* 42 U.S.C. § 1983 action. The complaint and amended complaint[1] are before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

## I. STATEMENT OF CLAIMS

The complaint names as Defendants "202C" and the Kentucky Correctional Psychiatric Center (KCPC). Plaintiff states that he has been sent to KCPC under a new law, 202C, where he has been forced against his will to be evaluated and to take medication for over six months. He alleges that he has been unlawfully imprisoned under 202C after his criminal case has been dismissed. He states that his attorney filed "against the 202C, that it is unconstitutional;" that on May 15, 2023, a hearing was held in state court; and that the judge overruled his motion to dismiss. He states that his attorney is filing an appeal.

Plaintiff alleges that the multiple grievances he has filed have not been answered. He states that doctors Allen and Hackman are the only doctors at KCPC and that he desires to have no contact with either of them. He also asserts that state-court Judge Julie Kaelin knows the victim

---

[1] Plaintiff's later filed case, *O'Bannon v. K.C.P.C.*, 3:23-cv-P630-JHM, has been consolidated into this case, and the complaint in that case has been docketed in this case as an amended complaint (DN 15).

in his criminal case.[2]

In the amended complaint, Plaintiff again alleges that he is being kept against his will under 202C at KCPC. He states that the Jefferson County Court has informed him that he is no longer a prisoner and that the charges against him have been dismissed. He states that Allen and Hackman requested a "force treatment" order, which the state court granted. He alleges these doctors are trying to evaluate him in violation of the Federal Rules of Civil Procedure, retaliating against him, and falsifying medical documents.

The amended complaint adds Randy White as a Defendant in his individual and official capacities but makes no allegations against him.

Plaintiff requests compensatory and punitive damages and release from illegal detention.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

---

[2] Plaintiff does not name Kaelin as a Defendant and, in any event, it appears from Plaintiff's pleadings that the criminal charges against him have been dropped.

2

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. Defendant 202C

Plaintiff's reference to 202C appears to be to "recently enacted KRS Chapter 202C[] [which] codif[ies] the [involuntary] commitment process" in Kentucky. *M.L.S. v. Edwards*, No. 2022-SC-0365-MR, 2023 WL 4037565, at *1 (Ky. June 15, 2023) (footnote omitted). Plaintiff cannot name a statute as a Defendant, and this claim will be dismissed as frivolous.

### B. Defendant KCPC

A state agency like KCPC is not a "person[]" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119–24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

"KCPC's operations fall under the auspices and authority of the Commonwealth of Kentucky's Cabinet for Health and Family Services . . . [and], as a division of the Commonwealth of Kentucky's Cabinet for Health and Family Services, [] KCPC is entitled to . . . immunity from suit and Eleventh Amendment protection from § 1983 claims[.]" *Burnett v. Ky. Corr. Psychaitic Ctr.*, No. 0:16-CV-117-HRW, 2016 WL 6780327, at *2–3 (E.D. Ky. Nov. 15, 2016).

Plaintiff's claim against KCPC will be dismissed for failure to state a claim and for seeking monetary relief from a defendant immune from such relief.

### C. Unlawful imprisonment under 202C

Plaintiff alleges that being held at KCPC despite the dismissal of the charges against him is unconstitutional. He states that his attorney filed "against the 202C, that it is unconstitutional," that the state-court judge overruled his motion to dismiss, and that his attorney is filing an appeal.

The *Younger* abstention doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state proceedings. *See Younger v. Harris*, 401

4

U.S. 37, 44-45 (1971). When a person is the subject of an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal action involving claims raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987) (applying the *Younger* abstention to civil claims).

A district court should abstain under the *Younger* doctrine if three conditions exist: (1) there are state proceedings currently pending; (2) those proceedings involve an important state interest; and (3) the state court can provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

In this case, the first condition for *Younger* abstention is satisfied because Plaintiff refers to ongoing state-court proceedings related to the constitutionality of 202C.

As to the second condition, "the proper care of mentally ill persons who may be dangerous to themselves or others because of their mental illness, or who are sufficiently incapacitated by mental illness so as not to be able to provide for their own personal needs or safety, is undoubtedly an important matter of state interest." *Dabney v. Cleveland Heights Police*, No. 1:13 CV 2787, 2014 WL 2837562, at *4 (N.D. Ohio June 23, 2014) (internal citation omitted).

The pertinent inquiry for the third condition of *Younger* is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil* Co., 481 U.S. at 14. Here, there is no indication that any

claims asserted by Plaintiff in this federal lawsuit may not be presented in his ongoing state-court action. In fact, in a recent Kentucky Supreme Court case, *M.L.S. v. Edwards*, the Kentucky Supreme Court affirmed the denial of a writ of prohibition concerning the Commonwealth's petition to involuntarily commit M.L.S. under 202C. No. 2022-SC-0365-MR, 2023 WL 4037565, at *2 (Ky. June 15, 2023). The Kentucky Supreme Court opined:

> "Even in cases involving a claimed constitutional defect, it is generally the law that the remedy of appeal is adequate and prohibition is not proper." Here, if the trial court enters a final commitment order, M.L.S. may seek redress of her injuries on appeal, and pursuant to KRS 202C.110, may also petition for a writ of habeas corpus to question the cause and legality of the detention and request that the court issue a writ for release.

*M.L.S.*, 2023 WL 4037565, at *2 (footnotes and citations omitted).

Thus, the Court finds that all three *Younger* conditions are met here, and *Younger* abstention is appropriate regarding Plaintiff's challenge to the constitutionality of 202C.

### C. Grievances

Plaintiff alleges only that his multiple grievances have not been answered. "A § 1983 claim . . . cannot be premised on contentions that [a] grievance procedure was inadequate." *Bumpus v. Dyersburg, Tenn.*, No. 18-1246-JDT-CGC, 2019 WL 4279032, at *4 (W.D. Tenn. Sept. 10, 2019). "All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Consequently, "there is no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. Oct. 30, 2003) (citing cases). The Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### D. Drs. Allen and Hackman

Plaintiff's complaint and amended complaint refer to Drs. Allen and Hackman having sought and received a state court order for forced treatment and the resulting forced medication/treatment of Plaintiff. However, neither Allen nor Hackman are Defendants in this lawsuit. Moreover, nine months before this lawsuit, Plaintiff sued Allen related to being forcibly medicated. *See O'Bannon v. Allen*, 3:22-cv-628-JHM. That case has been dismissed, including the claim against Allen, because a claim related to a forced medication/treatment cannot be brought against the medical provider who administered the order but must be raised in the Jefferson Circuit Court action where the order was entered. *O'Bannon v. Allen*, No. 3:22-CV-P628-JHM, 2024 WL 531266, at *3 (W.D. Ky. Feb. 9, 2024) (and cases cited therein).

The Court, therefore, does not consider this issue in the instant litigation.

### E. Defendant White[3]

Plaintiff's amended complaint also adds new Defendant White, in his individual and official capacities. Neither the complaint nor the amended complaint makes any allegations about Defendant White, however.

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Consequently, the Court must dismiss Defendant White from this suit for failure to state a claim upon which relief must be granted. *See Ridgeway v. Kentucky*, 510 F. App'x 412, 413 (6th Cir. 2013) (stating that a plaintiff must "provide detail as to how each defendant allegedly violated his constitutional rights").

---

[3] According to www.kentucky.gov, White is the Deputy Commissioner of Adult Institutions.

Additionally, suit against Defendant White in his official capacity for monetary relief is not proper because it is tantamount to suing the Commonwealth of Kentucky and, therefore, is barred by the Eleventh Amendment. See *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).

### F. Request for release

The only injunctive relief Plaintiff seeks is release from detention; however, such relief is not available under § 1983. See *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975) ("There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution.").

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: February 15, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009